IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:17-cv-640-JL |
| Plaintiff, ) | Hon. Joseph N. LaPlante |
| ) | |
| v. ) | |
| ) | |
| ANNETTE B. DEMAURO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT STATEMENT FOR USE IN FORMULATION OF FINAL JUDGMENT**

At the direction of the Court, the parties submit this joint statement for the Court's use in drafting the final judgment.

To assist the Court, the parties are attaching to this submission a proposed final judgment whose terms the parties submit constitute the appropriate final judgment to be entered given the conclusions reached by the Court in its August 28, 2020 opinion. The parties below provide additional information on the amounts contained in the proposed final judgment.

1. *Amounts related to portion of FBAR judgment addressing FBAR claims.*

The proposed judgment seeks the entry of final judgment against Annette B. DeMauro in the total amount of $1,089,801.02, plus additional accruals accruing after September 14, 2020. This amount consists of the following items:

- FBAR penalty assessments made pursuant to 31 U.S.C. § 5321(a)(5) for 2007, 2008, and 2009, of $274,087.16 per year, for a total amount of $824,087.16.

- Pre-judgment interest of $38,201.53, owed under 31 U.S.C. § 3717(a)(1), calculated through September 14, 2020. The rate of the interest is believed to be 1%, simple interest.

1

- A late-payment penalty of $227,512.33, owed under 31 U.S.C. § 3717(e)(2), calculated through September 14, 2020. The rate for the late payment penalty is a simple 6%. 31 U.S.C. § 3717(e)(2).

The judgment also provides for the running of additional accruals after Sept. 14, 2020. The rate of pre-judgment interest, which is provided for under 31 U.S.C. § 3717(a)(1), could potentially differ from the rate for post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961(a). Thus, the proposed final judgment identifies separate statutory provisions governing the additional accrual of pre and post judgment interest.

2. *Amounts related to the recovery of the payments applied to the fraudulent failure to file income tax return penalty assessments made pursuant 26 U.S.C. § 6651(f).*

The proposed final judgment permits the recovery of income tax overpayments totaling $51,675.75 that were made by Annette B. DeMauro and applied to the fraudulent failure to file income tax return assessments made against her under 26 U.S.C. § 6651(f). The specific amounts of these overpayments, and the dates that they were made, are as follows:

- For tax year 2005, a payment of $5,570.86, made on February 16, 2016;
- For tax year 2006, a payment of $14,902.38, made on Sept. 20, 2017;
- For tax year 2007, a payment of $16,056.14, made on Sept. 20, 2017;
- For tax year 2008, a payment of $15,146.37, made on Sept. 20, 2017.

These amounts are also identified by the claims for refund that were entered into evidence as Exhibits 70-73 and are also identified by the IRS account transcripts that were entered into evidence as Exhibit 60. (Due to the rounding done on the claims for refund, the aggregate amount awarded by the proposed final judgment is $0.75 more than the aggregate amount identified by the claims for refund.)

Pursuant to 26 U.S.C. § 6511, the amount that can be claimed by a claim for refund is limited to the amount paid within 2 years prior to the filing of the claim for refund. (Section 6511 also has a separate 3-year window, but that is measured from the date of the filing of the tax return and is not applicable here.) This is why the amounts awarded by the proposed final judgment are less than the amounts of the fraud-penalty assessments themselves. The parties are in agreement on the principal amounts of the income tax overpayments that are owed for the 2005-2008 years pursuant to the Court's August 28, 2020 opinion.

Annette B. DeMauro is also entitled to statutory interest on the overpayments. Should the final judgment not be modified on appeal and the United States issues the overpayments, the overpayments will be issued with statutory interest. It is customary for parties in tax refund litigation to wait for the Treasury Department computers to calculate the overpayment interest in conjunction with the issuance of any income tax overpayment checks or setoffs under 26 U.S.C. § 6402, and to wait until that time to raise any disputes concerning the amount of interest with the Court.

Lastly, if any portion of the FBAR judgment remains unpaid if and when the United States issues the income tax overpayments identified by the final judgment, the United States contends that it can use its setoff powers to apply the Title 26 income tax overpayments to any unpaid portion of the Title 31 FBAR judgment. Mechanically it is not clear how this would be done, as the Treasury Department's computers and/or procedures do not appear to allow a direct application of Title 26 overpayments to Title 31 FBAR debts. But the possibility that it could be done exists, and this is one reason why the parties made no attempt to prepare, or seek the entry of, a net judgment that collapses the Title 31 and Title 26 debt amounts together.

| | |
|---|---|
| Dated: \_\_\_\_09/17/2020_____ | Dated: \_\_\_09/17/2020_____ |
| \_\_\_\_/s/ Thomas P. Cole _____ | \_\_\_\_/s/ Gerard J. Levins _____ |
| Thomas P. Cole, Esq. | Gerard J. Levins, Esq., LL.M. |
| Angela Foster, Esq. | Levins Tax Law, LLC |
| Trial Attorneys, Tax Division | 1671 Worcester Road, Suite 304 |
| Department of Justice | Framingham, MA 01701 |
| P.O. Box 55 | Tel: 888-333-9501 / 508-202-9800 |
| Ben Franklin Station | Fax: 888-333-0291 / 508-309-3760 |
| Washington, D.C.  20044 | Email: gerard@levinstaxlaw.com |
| Mr. Cole's Direct line(202) 514-9611 | |
| Ms. Foster's Direct Line (202) 616-9183 | Rosario M.F. Rizzo |
| Thomas.P.Cole@usdoj.gov | Rizzo Law Offices |
| Angela.R.Foster@usdoj.gov | 801 Main St |
| Attorneys for the United States | Concord, MA 01742-3313 |
| | 978 371-2500 |
| | Fax: 978 371-1352 |
| | Email: rosario.rizzo@rizzolawfirm.com |
| | |
| | Attorneys for the Defendant |